Nicholson, C. J.,
delivered the opinion of the court.
This is a bill to settle and wind up partnership-dealings and transactions. The partnership is admitted,, and both parties ask for an account. "While the suit was pending, the parties agreed to submit the matters in controversy to arbitrators, and that their award be made the decree of the court. The arbitrators returned an award by which defendant was entitled to-a decree against complainant for about $2,700. Defendant moved to make the award the judgment of the court; the complainant moved to set aside the award.. Upon proof, the Chancellor allowed the motion of complainant, and ordered the clerk and master to take and state an account between the parties. Erom this order defendant, with leave of the court, appealed.
*606 Complainant now moves to dismiss the appeal because the decree appealed from' is not final, etc. It is not a final decree, such as might be brought up by writ of error; but it is insisted for defendant that the decree determines the principles involved, and -orders an account so as to allow an appeal within the meaning of sec. 3157 of the Code.
It is obvious that the arbitrators determined the principles involved in the case in making up their award, and if the court had confirmed it, the decree would have been final. But in setting aside the award, the Chancellor determined none of the principles involved in the cause. The effect of his ruling was to place the case in statu quo before the arbitration was agreed on.
It is true, that if we now entertain the appeal and hold that the Chancellor erred in setting aside the award, the result would be a saving of time and expense; but if we sustain the action of the Chancellor, the result would be a loss of time and an increase of expense. So that, the appeal, granted in this case was not authorized by the language of the Code, nor is it justified by the reason for allowing appeal from interlocutory decrees.
The motion to dismiss the appeal is allowed.